UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL JOE FRANSCOVIAK,

    Plaintiff,

v.

DALE J. STARKES, et al.,

    Defendants.

CAUSE NO.: 3:19-CV-337-RLM-MGG

OPINION AND ORDER

Michael Joe Franscoviak, a prisoner without a lawyer, is facing criminal charges in state court. He brought this lawsuit because he is unhappy with how the judge, prosecutor, and defense attorney are handling his case. The court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Two of the defendants that Mr. Franscoviak has named in this lawsuit, Judge Michael A. Shurn, and Daniel P. Murphy, are immune from suit. "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." Imbler v. Pachtman, 424 U.S. 409, 431 (1976). Absolute immunity shields prosecutors even if they act

maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence. Smith v. Power, 346 F.3d 740, 742 (7th Cir. 2003). Similarly, "[a] judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." Polzin v. Gage, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 359 (1978). Because the doctrines of prosecutorial and judicial immunity apply, Mr. Franscoviak can't proceed against Judge Shurn or Attorney Murphy.

Mr. Franscoviak has also sued Dale J. Starkes, the attorney representing him in his criminal case. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006). While the conduct of private actors can transform them into state actors for § 1983 purposes, the facts must permit an inference that defendant's actions are "fairly attributable to the state." L.P. v. Marian Catholic High Sch., 852 F.3d 690, 696 (7th Cir. 2017) (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)). The actions of a criminal defense attorney, even an appointed public defender, are not fairly attributable to the State and the attorney is not acting under color of state law. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Thus, Mr. Franscoviak can't state a claim against Mr. Starkes.

To the extent Mr. Franscoviak is trying to obtain an order declaring that his rights were violated in his federal criminal case such that he is being wrongfully incarcerated, this type of relief cannot be obtained in a civil rights action; instead such relief can only be pursued in the pending criminal case or in a habeas proceeding under 28 U.S.C. § 2255. *See* Preiser v. Rodriguez, 411 U.S. 475, 488 (1973) (habeas corpus is the exclusive civil remedy for a state prisoner seeking to challenge the fact or duration of his custody, and such relief cannot be pursued under 42 U.S.C. § 1983).

Mr. Franscoviak's complaint doesn't state a claim cognizable in federal court. Courts usually let a plaintiff file an amended complaint when a case is dismissed on the court's own motion, *see* Luevano v. Wal-Mart, 722 F.3d 1014 (7th Cir. 2013), but that's not necessary when the amendment would be futile. Hukic v. Aurora Loan Servs., 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here.

The court DISMISSES this case pursuant to 28 U.S.C. § 1915A because it does not state a claim upon which relief can be granted in this court.

SO ORDERED on July 17, 2019

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT